UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA

                                    Case Number: 1:05-cr-10106-DPW

v.

MICHAEL O'DONNELL,
    Defendant.

## MOTION FOR DOWNWARD DEPARTURE

NOW COMES DEFENDANT, by his counsel, and moves, respectfully, for an order granting a downward departure from the sentence advised by the United States Sentencing Guidelines, pursuant to the Sentencing Reform Act and the Fifth and Sixth Amendments to the U.S. Const. Mr. O'Donnell suffers from a constellation of treatable mental disorders and an unfortunate social history such that this Court would be warranted in imposing a non-Guidelines sentence; furthermore, the purposes of the Sentencing Reform Act will be better served by mitigating Mr. O'Donnell's sentence and using Supervised Release to impose conditions and treatment in a supervised setting.

      The December 15, 2005 plea agreement (R. Doc. 9) contemplates that Mr. O'Donnell would seek a departure based on "his medical, mental and/or emotional condition, or combination of factors…". For the purposes of the plea agreement, the defendant has acknowledged that he is a career offender pursuant to USSG §4B1.1 with a base offense level 32 (less three points for acceptance of responsibility) and that his Guidelines range is 151 to 188 months. The facts supporting a departure are contained in the March 31, 2006 report of

Charles Drebing, PhD, and the September 17, 1998 Forensic Psychological Report of John Daignault, PsyD, the PSR and objections. Counsel has provided copies of said reports to the government and US Probation and has moved for an order sealing said reports before filing them.

The defense offers grounds for departure and requests a variance from (or mitigation of) a Guidelines sentence. See, *United States v. Jiminez-Beltre*, No. 05-1268 (1 Cir., March 8, 2006)(Boudin, CJ, for the majority, concurrences with Lipez dissenting). There exist a combination of factors such that this offender and the offense fall outside the "heartland" similar cases. The combined circumstances make the case an exceptional one; the circumstances are present to a substantial degree and are identified in the guidelines as a permissible ground for departure, even if not ordinarily relevant. USSG §5K2.0. See, *Koon v. U.S.*, 518 U.S. 81, 113 (1996)(that "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue.") Mr. O'Donnell suffers from an extraordinary mental or emotional condition (USSG§5H1.3) of a kind not ordinarily taken into account. See reports.

Mr. O'Donnell further gives notice hereby that he intends to seek mitigation of his sentence for all the reasons set forth in 18 USC 3553(a) and contemplated by *US v. Booker*, 534 US 220 (2005). Mr. O'Donnell's sentence should be lower than the Guidelines indicate; this is necessary to provide *just*

*(not harsh)* punishment for the offense, to afford *adequate (not excessive)* deterrence to criminal conduct; to *protect* the public *from a non-violent offender* and to reeducate and rehabilitate the offender. See 18 U.S.C. § 3553(a)(2). Any straight Guidelines sentence the government urges can no longer considered *per se* reasonable. This Circuit has recently conceded that a Guidelines sentence, while a starting point, is no longer *per se* reasonable. See, *United States v. Jiminez-Beltre*, No. 05-1268 (1 Cir., March 8, 2006)(Boudin, CJ, for the majority, concurrences with Lipez, J., dissenting). Among the factors warranting mitigation are Mr. O'Donnell's age and the reduced likelihood of reoffense on release, his unfortunate social history and exposure to physical and sexual abuse, his mental condition. Mr. O'Donnell suffers from treatable disorders that have never been addressed adequately or correctly during incarceration or release.

Dated this 17th day of April, 2006 at Boston, Massachusetts.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron 550712
Attorney for Michael O'Donnell
453 Washington Street 5B
Boston, MA 02111-1325
Tel. No. 617-482-6368
Fax: 617-517-7711
Email: k@lawyerbarron.com

CERTIFICATE OF SERVICE

Counsel certifies he has served AUSA Donald Cabell with a true copy of this motion today be transmitting the same to him through this District's CM/ECF. Counsel certifies further that no party requires service by other means.

/s./ *Kevin L. Barron*
Kevin Lawrence Barron 550712