UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA

Case Number: 1:05-cr-10106-DPW

v.

MICHAEL O'DONNELL,
      Defendant.

MOTION FOR ADDITIONAL EXPERT FUNDS

N O W   C O M E S defendant, MICHAEL O'DONNELL, by his attorney, and moves, respectfully, pursuant to 18 U.S.C. § 3006A and the 5th Amendment to the U.S. Constitution, for an order authorizing $700.00 in funds for the attendance, travel, mileage, preparation and testimony of Charles Drebing, Clinical Neuropsychologist.  (Counsel has submitted Dr. Drebing's statement of fees generated in connection with his now-disclosed expert report.)  The Defense makes this motion pursuant to the Criminal Justice Act and the law of this Circuit.  See, *United States v. Abreu*, 202 F.3d 386 (1 Cir. 2000)(availability of funds in aid of sentencing as well as for competency issues*)*.

      Counsel seeks these funds for the conduct of the hearing.  Dr. Drebing's fee is a comparatively reasonable $200.00 per hour and he estimates preparation, testimony, travel and mileage will cost $700.00.

      This Court has previously allowed $1,600.00 for the preparation of a report, which amount has been expended.  As the November 2004 amendments to the CJA compensation limits provide:

1

> **(e) Services other than counsel.--**
>
> * * * * *
>
> **(3) Maximum amounts.**--Compensation to be paid to a person for services rendered by him to a person under this subsection, or to be paid to an organization for services rendered by an employee thereof, **shall not exceed $1,600**, exclusive of reimbursement for expenses reasonably incurred, **unless payment in excess of that limit is certified by the court, or by the United States magistrate judge if the services were rendered in connection with a case disposed of entirely before him, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit.** The chief judge of the circuit may delegate such approval authority to an active circuit judge.

See, PUBLIC LAW 108-447, approved December 8, 2004; 18 USC §3006A (e)(3)(2005).

ARGUMENT

The Constitution guarantees an indigent defendant the fundamental tools of an adequate defense. *Britt v. North Carolina*, 404 U.S. 226, 227 (1971). The Criminal Justice Act, 18 U.S.C. Section(s) 3006A(e)(1), provides that "a person who is financially unable to obtain . . . expert . . . services necessary for an adequate defense" may obtain them after demonstrating in an *ex parte* hearing that such services are "necessary."  In *Ake v. Oklahoma*, 470 U.S. 68, 80 (1985), the Supreme Court recognized that when a defendant's mental condition is at issue, the assistance of a psychiatrist is "crucial to the defendant's ability to marshal his defense" and the state must therefore provide psychiatric assistance.  A few months later, in *Caldwell v. Mississippi*, 472 U.S. 320, 323 n. 1 (1985), the Supreme Court reversed the equally important questions of whether and when an

2

indigent defendant is entitled to non-psychiatric expert assistance. Certainly, a district court's denial of a request for such services is reviewed only for an abuse of discretion. *United States v. Mateos-Sanchez*, 864 F.2d 232, 240 (1 Cir. 1988); *United States v. Fosher*, 590 F.2d 381, 384 (1 Cir. 1979).

## CONCLUSION

For the reasons set forth above, this motion should be granted.

Dated this 25th day of April, 2006 at Boston, Massachusetts.

> Kevin Lawrence Barron 550712
> Attorney for Michael O'Donnell
> 453 Washington Street 5B
> Boston, MA 02111-1325
> Tel. No. 617-482-6368
> Fax: 617-517-7711
> Email: k@lawyerbarron.com

## CERTIFICATE OF SERVICE

Counsel certifies that he has served AUSA Donald Cabell electronically with a true copy of this motion by the CM/ECF of this District today on April 25, 2006. No party requires service by mail.

/s/ *Kevin L. Barron*

Kevin Lawrence Barron 550712